UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.N.B.,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3040

Honorable Jane M. Beckering

**ORDER TO SHOW CAUSE**

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement, challenging the lawfulness of Petitioner's current detention.

The Court has reviewed the application pursuant to 28 U.S.C. § 2243, and orders as follows:

1. Petitioner's motion for leave to file under a pseudonym (ECF No. 2) is granted in part and denied in part. Petitioner's motion is granted to the extent that Petitioner may proceed by using his initials in the case caption, rather than his full name. Petitioner's motion is denied as to all other requests in the motion.

2. To the extent that North Lake Processing Center, the Warden of the North Lake Processing Center, The GEO Group, Inc., the Sheriff of Lake County, the Calhoun County Correctional Center, and the Sheriff of Calhoun County are named as Respondents in the petition, they are dismissed as Respondents.

3. If Petitioner has not paid the applicable filing fee in this action, Petitioner is granted leave to proceed *in forma pauperis* in this action.

4. The Clerk of Court shall serve copies of the petition and this order on the remaining Respondents.

5. On or before the third business day after entry of this order, Respondents shall show cause in writing why the writ of habeas corpus and other relief requested in the petition should not be granted and, if a bond hearing was held in Immigration Court, file a transcript, or if a transcript is not available, a recording, of any bond hearing before an Immigration Judge, or file notice that Petitioner's detention is governed by 8 U.S.C. § 1231. If Respondents file such a notice, the Court finds good cause for additional time, and on or before the fourteenth day after entry of this order, Respondents shall show cause in writing why the writ of habeas corpus and other relief requested in the petition should not be granted.

6. Petitioner shall file a written reply on or before the third business day after Respondents file their response to the order to show cause.

7. In Respondents' response and Petitioner's reply, the parties shall address any issues of fact that must be resolved. Further, in their response, Respondents shall indicate the statutory basis for Petitioner's detention and address whether Petitioner was previously released or paroled into the United States by immigration officials. If Petitioner was previously released or paroled into the United States, Respondents shall indicate the statutory basis for the release or parole into the United States in their written response, and Respondents shall provide copies of the relevant documents that show the statutory basis for Petitioner's release or parole into the United States and any conditions

imposed on Petitioner during the release or parole. If Respondents are unable to provide copies of these documents, they shall provide an explanation in their response as to why they are unable to do so.

8. The Court will schedule a hearing, if necessary, after the parties have filed their submissions.

**IT IS SO ORDERED**.

Dated: October 29, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge